```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

CHARLES STREET, #55684                                    PLAINTIFF

versus                          CIVIL ACTION NO. 5:11-cv-19-DCB-RHW

UNITED STATES OF AMERICA, et al.                         DEFENDANTS

### ORDER DENYING *IN FORMA PAUPERIS* STATUS AND DISMISSING CASE

There came on for consideration of the Court in the captioned cause Plaintiff's application to proceed in forma pauperis (IFP) in this civil action. On February 17, 2011, Plaintiff, an inmate currently incarcerated at the Wilkinson County Correctional Facility, Woodville, Mississippi, filed this pro se complaint challenging the constitutionality of the Prison Litigation Reform Act (PLRA).[1] Plaintiff's request for relief in this suit includes, but is not limited, to his request that the PLRA be declared unconstitutional and that an injunction be "placed against the PLRA until further proceedings can be rendered."

The Court finds that during Plaintiff's incarceration, he has brought at least three civil actions or appeals which have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Therefore, Plaintiff's in forma pauperis application in this civil action will be denied pursuant to 28 U.S.C. § 1915(g).

---

[1] This Court notes that the United States Court of Appeals for the Fifth Circuit has determined the PLRA to be constitutional. See Norton v. Dimazana, 122 F.3d 286 (5th Cir. 1997); Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997).

The PLRA provides, among other things, that a prisoner's privilege to proceed in forma pauperis is denied if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g). The Court must consider all actions which were dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. Adepegba v. Hammons, 103 F.3d 383, 386 (5th Cir. 1996)(counting as a "strike" a district court's dismissal, prior to enactment of the PLRA, of a frivolous § 1983 claim). Additionally, the "three strikes" provision applies to cases pending prior to the enactment of the PLRA.

> Although section 1915(g) attaches consequences to past actions, we find that these consequences are matters of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures... Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee. This requirement is neither novel or penal. It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else.

Id. at 386-87.

Plaintiff has, on not less than three occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

fails to state a claim upon which relief may be granted."[2] 28 U.S.C. § 1915(g).  Therefore, denial of Plaintiff's IFP privilege is appropriate.[3]

However, there is an exception provision within § 1915(g), which allows an inmate to proceed in forma pauperis if he is under "imminent danger of serious physical injury," at the time his Complaint is filed.  Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).  The Plaintiff does not allege, nor does this Court find, that he is under "imminent danger of serious physical injury."  See e.g., Basey v. Mooneyham, 172 Fed. App'x 582, 583-84 (5th Cir. 2006); Seaberry v. Stalder, 140 Fed. App'x 541 (5th Cir. 2005).

In sum, the Court has determined that Plaintiff has "three strikes" and should not be allowed to proceed in forma pauperis in this case.  Since Plaintiff is being denied permission to proceed as a pauper and the Court has not received payment of the

---

[2] In Street v. Lingle, No. 1:95cv91-WJG (S.D. Miss. July 24, 1995), plaintiff's civil rights action was dismissed as frivolous for failure to present an arguable basis in fact or law for the claim asserted.
    In Street v. Farrior, No. 1:95cv225-DCB (S.D. Miss. Aug. 11, 1995), plaintiff's civil rights action was dismissed as frivolous.
    In Street v. Farrior, No. 1:95cv261-WJG (S.D. Miss. Aug. 17, 1995), plaintiff's civil rights action was dismissed as frivolous.

[3] This Court finds that on at least two prior occasions Plaintiff has filed a civil action requesting in forma pauperis status which has been denied based on the three-strikes provision of 28 U.S.C. § 1915(g).  See Street v. Forrest Co., MS, 2:08cv153-KS-MTP (S.D. Miss. Feb. 27, 2009) and Street v. Simms, 2:09cv86-KS-MTP (S.D. Miss. Oct. 30, 2009).

filing fee for this civil action, this case will be dismissed. Accordingly, it is

ORDERED AND ADJUDGED, that Plaintiff's motion to proceed <u>in forma pauperis</u> in this cause is **denied** pursuant to 28 U.S.C. § 1915(g) and this case is hereby **dismissed.**

IT IS FURTHER ORDERED AND ADJUDGED that the Clerk of Court is directed to re-open this civil action if the full filing fee of $350.00 is paid within thirty days from the entry of this Order.

IT IS FURTHER ORDERED AND ADJUDGED that since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's Order of dismissal is without prejudice.  <u>See Munday/Elkins Auto. Partners, LTD. v. Smith</u>, 201 Fed. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Order of dismissal will be entered.

This the <u>1st</u> day of <u>March</u>, 2011.

          <u>s/David Bramlette    </u>
           UNITED STATES DISTRICT JUDGE